AMANDA D. DRAKE *v.* THOMAS BRADLY.

**Husband and Wife—Estate of Wife—Liability of to Pay Debts.**

A wife's general estate is not liable for the debts of the husband, but is liable for those of the wife incurred before marriage, and for those contracted after marriage on account of the purchase of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by herself and husband.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 12, 1875.

OPINION BY JUDGE PETERS:

The antenuptial deed of Drake to appellant did not convert her property into separate estate. The only effect it could have was to deprive him of the right he might otherwise have acquired by his marriage with the grantee; and by Art. 2, Chap. 47, Rev. Stat., her

general estate is not liable for the debts of the husband contracted before or after marriage, but is liable for those of the wife incurred or contracted before marriage, and for such contracted after marriage on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by herself and her husband.

Appellees account is for goods sold to the husband and charged by his directions to his wife; and while the articles charged, or the most of them, may have been necessaries, still, as appellant never undertook to pay for said goods in writing with her husband, her estate is not liable for the debt of appellee.

Wherefore the judgment is *reversed* and the cause is remanded with direction for further proceedings consistent herewith.

*Morton & Parker, for appellant.*
*H. B. Higgins, for appellee.*